```
F. MICHAEL DAILY, JR., LLC
ATTORNEY AT LAW
216 Haddon Avenue • Sentry Office Plaza Suite 100
Westmont, NJ 08108
Phone (856) 833-0006
Fax    (856) 833-1083
Attorney(s) for the Plaintiff
```

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANE B. STREATER; | |
| Plaintiffs, | CASE NO. |
| vs. | Civil Action |
| CITY OF CAMDEN FIRE DEPARTMENT | |
| Defendant. | COMPLAINT |

Plaintiff SHANE B. STREATER, by way of complaint against the Defendant says:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is an individual residing at 510 Spruce Street, Camden, County of Camden, New Jersey.

2. At all time relevant to this matter the defendant, City of Camden Fire Department, employed the plaintiff at its Tower Ladder Company Number Two, located within the City of Camden, New Jersey.

1

3. In this action the plaintiff asserts that he was deprived of rights, privileges, and immunities secured by Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C.A. §2000e) and as a result this court has jurisdiction over this matter pursuant to 42 U.S.C.A. §2000e-5.

4. Venue in this matter is proper in this court in that this is a district in which the plaintiff worked and certain actions complained of occurred.

5. Plaintiff is qualified to bring this action, having obtained a "Right to Sue Letter" dated February 25, 2005 and having filed this action within 90 days of the receipt of it.

**FACTUAL ALLEGATIONS**

6. Plaintiff is an African-American male.

7. At all times relevant to this complaint plaintiff was supervised by Captain Russell Watkins, Caucasian.

8. Plaintiff was hired as a firefighter-recruit on February 3, 1997.

9. He was assigned to the Tower Ladder Company Number Two.

10. Shortly after plaintiff was assigned to that station Captain Watkins, his supervisor, made "jokes" that were derogatory to African-Americans.

11. These "jokes" were made in front of other African-American Firefighters, however Captain Watkins also made

threatening comments to plaintiff when not in the company of other employees.

12. These comments included statements such as "I know white guys who have machetes" and "there's going to be a race war coming, and there's a militia in every state."

13. These comments and others caused plaintiff to be fearful and distrustful of his supervisor.

14. Plaintiff complained about the statements to Captain Davis, however the comments did not stop nor did any investigation take place.

15. The plaintiff filed a complaint with the New Jersey Division of Civil Rights regarding the actions of Captain Watkins, which was cross filed with the Equal Employment Opportunity Commission.

16. A fact finding conference was held on October 5, 2001 and a finding of probable cause was issued on October 4, 2002.

17. Plaintiff began to be harassed by Captain Watkins in regard to strict compliance with the rules and regulations of the City of Camden Fire Department and said harassment continued until such time as plaintiff's file was "papered" with sufficient detrimental remarks that plaintiff was terminated from his position.

18. To the best of plaintiff's knowledge other employees who had not complained were not monitored as closely or subject to

similar harassment.

19. Plaintiff successfully appealed that termination however said appeal took approximately three years and plaintiff was suspended from his position for 120 days due to the "disciplinary actions" placed in his file.

20. Finally, with no action pending, and because of the foregoing actions of Defendant, plaintiff withdrew the action from the New Jersey Division on Civil Rights and requested his Right-to-Sue letter from the Equal Employment Opportunity Commission.

21. Said letter was issued on February 25, 2005 and received on March 3, 2005.

22. As a result of the aforesaid acts the plaintiff has sustained nonpecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and such other nonpecuniary losses as maybe disclosed in discovery.

23. The foregoing acts of the Defendant were performed intentionally and with malice or with reckless indifference to the constitutional and legal rights of the plaintiff and constituted egregious conduct.

**FIRST COUNT**

24. The aforesaid acts of the defendant, along with such other discriminatory actions as maybe disclosed in discovery, constituted discrimination against an individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's race and deprived plaintiff of his rights with respect to his compensation, terms, conditions, and privileges of employment, because of his race, in violation of 42 U.S.C.A. §2000e-2.

25. As a direct result of said unlawful acts the plaintiff sustained the previously described damages.

26. Pursuant to 42 U.S.C.A. §§1988 and 2000e-5, Plaintiff is entitled to attorney's fees and expert fees in connection with the bringing of the claims alleged in this count.

WHEREFORE, plaintiff demands judgement against defendant for compensatory damages including back pay, punitive damages, reinstatement of employment and such other injunctive relief as will redress the actions of the Defendant, front pay if reinstatement is not practicable, attorney's fees, expert fees, prejudgment interest, interest, costs and such other relief as the court deems just.

## SECOND COUNT

27. The aforesaid acts of the Defendant, along with such other discriminatory actions as maybe disclosed in discovery, constituted discrimination against an individual because of such individual's having complained of a practice which such individual reasonably believed to have constituted an unlawful practice of discrimination in violation of 42 U.S.C.A. §2000e-3.

28. As a direct result of said unlawful acts the

plaintiff sustained the previously described damages.

29. Pursuant to 42 U.S.C.A. §§1988 and 2000e-5, Plaintiff is entitled to attorney's fees and expert fees in connection with the bringing of the claims alleged in this count.

WHEREFORE, plaintiff demands judgement against defendant for compensatory damages including back pay, punitive damages, reinstatement of employment and such other injunctive relief as will redress the actions of the Defendant, front pay if reinstatement is not practicable, attorney's fees, expert fees, prejudgment interest, interest, costs and such other relief as the court deems just.

### JURY DEMAND

Plaintiff herewith demands a jury trial as to all issues triable by jury.

**F. MICHAEL DAILY, JR. LLC**

BY: s/ F. Michael Daily, Jr.
_____
**F. MICHAEL DAILY, JR.
ATTORNEYS FOR THE PLAINTIFF**